EVELYN M. BISHOP, complainant,

*v.*

ANDRO STACHOWICZ and wife, defendants-respondents, and ANTONI SZTUKA and wife, defendants-appellants.

[Submitted October 31st, 1941. Decided January 29th, 1942.]

*Mr. Clarence Kelsey,* for the appellants.

*Mr. John J. Jobes,* for the respondents.

PER CURIAM.

The state of the case and briefs are voluminous, but the issue before us is a simple one, and for the most part only matters of fact are involved.

The action was begun in the form of foreclosure of a mortgage of $8,000, by Stachowicz and wife and Sztuka and wife, to Stachowicz and wife, on an apartment house conveyed by one Suvelin and wife to Stachowicz and wife, and Sztuka, as tenants in common. Stachowicz and wife assigned to complainant Bishop, a mere formal assignee, for purposes of foreclosure. When the matter came to a hearing, the so-called mortgage was declared void and dropped out of the case, which, however, was continued and concluded as an accounting between tenants in common of the apartment house property involving the usual items of receipts and disbursements; and in particular, a claim by appellant Antoni Sztuka to be compensated for personal labor in connection with maintenance of the property. The Vice-Chancellor, pursuant to an unreported memorandum, ordered a reference to a special master: there was a lengthy hearing before the master, involving the examination of a number of witnesses; the master reported, and exceptions to the report were argued before the same Vice-Chancellor, who filed a further memorandum, and thereafter heard counsel fully on the terms of the final

decree. The case involved a mass of detail, and was fully and patiently heard by both the Vice-Chancellor and the special master. It has received careful examination by the court, with the result that while we find no error calling for reversal, we conclude that the decree should be modified with respect to the character of the relief awarded.

The decree adjudges a net balance due to the Stachowiczs, husband and wife, of $3,360.45 with interest from July 1st, 1941: and awards to them a lien for that amount upon the undivided one-half interest owned by Sztuka and wife. In this we concur; but the decree goes further, and provides that in default of payment the Sztukas, appellants here, shall stand debarred and foreclosed of all interest in the premises without order of the court. To this we are unable to give our assent. The action, as already noted, was moulded into an action of account: and upon a balance being adjudged due from one party to the other, the decree is tantamount to a judgment at law, to be enforced by execution and sale. This was the course pursued in *Ruckman* v. *Decker, 28 N. J. Eq. 5,* and *Marlin* v. *Morales, 102 N. J. Eq. 535,* analogous to that obtaining in the statutory action of account at law. *Comp. Stat. 1910 p. 8; R. S. 2:38.* The execution of course would apply not only to the one-half undivided interest of the appellants, but also to any other real or personal property of them, or either of them, on which levy may be made.

With that modification the decree under review will be affirmed, and the cause remanded to the Court of Chancery for further proceedings therein in accordance with the views herein expressed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.